# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOE C. VILLARREAL,<br><br>        Plaintiff,<br><br>    v.<br><br>SUPERIOR COURT, MERCED COUNTY, et al.,<br><br>        Defendants. | Case No. 1:18-cv-00632-LJO-SKO (PC)<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER**<br><br>(Docs. 9, 17)<br><br>TWENTY-ONE (21) DAY DEADLINE |

       Plaintiff, Noe C. Villarreal, is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. As noted in the First Order granting Leave to Amend ("First Order"), Plaintiff complains of being unlawfully, falsely imprisoned/kidnapped. (*See* Docs. 1, 3, 6.) The only defendants he names in this action are Merced County District Attorneys, Merced County Judge Williams Ivey, Attorneys "Howard R." and "Ramnik, S." and the Merced County Superior Court. (*Id*.) As also noted in the First Order, it is difficult to discern whether Plaintiff wishes to pursue this as a second/successive *habeas* petition,[1] or as a civil rights action under 42 U.S.C. § 1983.

---

[1] Plaintiff identifies three prior lawsuits he filed while incarcerated, which all appear to be *habeas* petitions. (*See* Doc. 1, p. 2.)

1

Although Plaintiff was provided with: 1) the form complaints for both types of actions; 2) leave to file an amended complaint on the form that correlates with the action he intends to pursue here; and 3) information pertaining to the differences in filing fees between each type of action, he has filed neither a habeas petition, nor a civil rights complaint. Instead, Plaintiff filed a document titled as an "Amended Civil Rights Complaint," which consists simply of a cover page setting forth a list of attached exhibits. (Doc. 9.) Plaintiff then filed two more documents, which contain additional exhibits—all of which appear to be documents from Plaintiff's state court proceedings. (*See* Docs. 15, 16.)

As noted in the Second Order Granting Leave to Amend ("Second Order"), (Doc. 17), none of these filings constitute an actual amended complaint. On April 15, 2019, Plaintiff was provided one final opportunity to file an amended complaint on the form that correlates with the action he intends to pursue in this court. (*Id.*) Plaintiff was twice cautioned in the Second Order that if he again failed to file an amended complaint on one of the forms provided, the Court would recommend that this action be dismissed based on Plaintiff's failure to obey the Court's orders. (*Id.*, at pp. 2, 8.) Plaintiff has nonetheless failed to file a response to the Second Order Granting Leave to Amend.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). Despite having been granted multiple opportunities,

Plaintiff has not complied with the Court's orders and has failed to file an amended complaint on either form provided, thereby warranting dismissal.

Based on the foregoing, Plaintiff is **ORDERED** to show cause **within twenty-one (21) days** of the date of service of this order why the action should not be dismissed with prejudice for his failure to comply with the Court's orders.

IT IS SO ORDERED.

Dated: **June 10, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE