# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOE C. VILLARREAL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SUPERIOR COURT, MERCED COUNTY, et al.,<br><br>　　　　Defendants. | 1:18-cv-00632-LJO-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS DUE TO PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO PROSECUTE**<br><br>(Docs. 17-20)<br><br>TWENTY-ONE (21) DAY DEADLINE |

　　　Plaintiff, Noe C. Villarreal, is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. As noted in the First Order granting Leave to Amend ("First Order"), Plaintiff complains of being unlawfully, falsely imprisoned/kidnapped. (*See* Docs. 1, 3, 6.) The only defendants he names in this action are Merced County District Attorneys, Merced County Judge Williams Ivey, Attorneys "Howard R." and "Ramnik, S." and the Merced County Superior Court. (*Id.*) As also noted in the First Order, it is difficult to discern whether Plaintiff wishes to pursue this as a second/successive *habeas* petition, or as a civil rights action under 42 U.S.C. § 1983.

　　　Plaintiff was provided with: 1) the form complaints for both types of actions; 2) leave to file an amended complaint on the form that correlates with the action he intends to pursue here; and 3) information pertaining to the differences in filing fees between each type of action. However, he filed neither a habeas petition, nor a civil rights complaint. Instead, Plaintiff filed a document titled as an "Amended Civil Rights Complaint," which consisted merely of a cover page setting forth a list of attached exhibits. (Doc. 9.) Plaintiff then filed two more documents,

1

which contain additional exhibits—which appear to be documents from Plaintiff's state court proceedings. (*See* Docs. 15, 16.)

As noted in the Second Order Granting Leave to Amend ("Second Order"), (Doc. 17), none of Plaintiff's filings constitute an actual amended complaint. On April 15, 2019, Plaintiff was provided a final opportunity to file an amended complaint on the form that correlates with the action he intends to pursue in this Court. (*Id.*) Plaintiff was twice cautioned in the Second Order that if he again failed to file an amended complaint on one of the forms provided, the Court would recommend that this action be dismissed based on Plaintiff's failure to obey the Court's orders. (*Id.*, at pp. 2, 8.) Despite these warnings, Plaintiff did not file a response to the Second Order. Thus, on June 11, 2019, an order issued for Plaintiff to show cause ("OSC") why this action should not be dismissed based on his failure to obey the Court's orders. (Doc. 18.)

In response to the OSC, on June 20, 2019, Plaintiff filed a 42-page document. (Doc. 19.) The first two pages contain a variety of legal phrases, followed by forty pages of exhibits consisting of documents from Plaintiff's actions in this Court and the Merced County Superior Court. (Doc. 19.) This document included two addresses in the upper left corner of the front page. (*See* Doc. 19, p. 1.) However, Plaintiff apparently had not received the OSC when he filed this document because on June 27, 2019, the OSC was returned, marked "Undeliverable, Not in Custody."

On June 28, 2019, the Court ordered Plaintiff to submit a notice of change of address and extended the time for Plaintiff to respond to the OSC—which was served at both addresses listed on Plaintiff's June 20, 2019 filing. (Doc. 20.) Despite passage of more than the allowed time, Plaintiff has not filed a response to the OSC or the Second Order, and his June 20, 2019 filing does not constitute an actual amended complaint. Plaintiff also failed to use the forms provided by the Court.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel, or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a

court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Based on Plaintiff's failure to comply with, or otherwise respond to the Second Order and OSC, there is no alternative but to dismiss the action for Plaintiff's failure to obey a court order and failure to prosecute.

Accordingly, it is **HEREBY RECOMMENDED** that this action be dismissed, with prejudice, for Plaintiff's failure to obey a court order and to prosecute this action. These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 30, 2019**        /s/ *Sheila K. Oberto*
                                            UNITED STATES MAGISTRATE JUDGE